UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARRISON GLOBAL LLC | ) <br> ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Action No. 17-12491 <br> ) |
| BOSTON CORPORATE COACH, INC. and MEIR WAIZMAN | ) Jury Trial Requested <br> ) <br> ) |
| Defendants. | ) <br> ) <br> ) |

## COMPLAINT

Boston Coach is a locally and nationally famous brand owned by Harrison Global LLC under which it and its predecessor have continuously offered chauffeured transportation services for over 30 years. For the last 18 months, Harrison, which owns the trademark registration for BOSTONCOACH, has been contending with defendants' varied and ongoing efforts to pass their business off as "Boston Coach."  Since defendants operate a directly competing company in Boston, their actions are causing serious economic harm to Harrison.

Defendants Boston Corporate Coach, Inc. and Meir Waizman (collectively, "BCC") have acted intentionally to misappropriate, trade on, and wrongfully profit from Harrison's goodwill and reputation for quality chauffeured transportation services. BCC began offering the same type of services some 20 years after Harrison and Harrison's predecessor-in-interest had been offering the same services under the Boston Coach name.  BCC's use of Harrison's trademark has caused and will continue to cause confusion and divert consumers away from Harrison.

Harrison seeks injunctive relief and damages for trademark infringement, false designation of origin, unfair competition, cybersquatting, and deceptive trade practices in violation of the laws of the United States and the Commonwealth of Massachusetts.

Harrison alleges the following:

## PARTIES

1. Plaintiff, Harrison Global LLC, is a Massachusetts limited liability company with a principal place of business at 224 Calvary Street in Waltham.

2. Defendant Boston Corporate Coach, Inc. is a Massachusetts corporation with a principal place of business at 8 Faneuil Hall Marketplace in Boston. According to Secretary of State records, it was involuntarily dissolved in 2012.

3. Defendant Meir Waizman is an individual who resides at 965 Brightwater Circle, Maitland, FL. He owns the business that operates under the name Boston Corporate Coach.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1338 (trademark, and unfair competition claims). The federal claims include infringement and unfair competition under the Lanham Act.

5. This Court has jurisdiction over the state law and common law claims under the doctrine of supplemental jurisdiction. 28 U.S.C. § 1367. The state and common law claims arise from or are substantially related to the acts giving rise to the federal claims.

6. This Court has personal jurisdiction over the corporate defendant because it is, or purports to be, a corporation organized under the laws of Massachusetts and has its principal place of business in the Commonwealth. This Court has personal jurisdiction over the individual defendant under Mass. Gen. Laws Ch. 223A, § 3, because he conducts business in

Massachusetts, has committed acts of infringement in Massachusetts, and has committed acts of unfair competition in Massachusetts.

7. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the infringing activity and unfair competition occurred and continues to occur in Massachusetts, and under 28 U.S.C. §§ 1391(c) because BCC has its usual place of business in Massachusetts.

## FACTUAL BACKGROUND

### *Harrison's Use of the BOSTONCOACH Trademark*

8. Harrison has offered chauffeured transportation services under the name BostonCoach since July 13, 2013. The trademark was previously owned by FMR Corp., which first used it in 1985 for chauffeured transportation services. In or about 2013, FMR Corp. assigned to Harrison U.S. Registration No. 2,294,068 for the mark BostonCoach for use in connection with "chauffeuring and private bus services." Harrison, in turn, has offered the described services since acquiring the mark. Thus, the BostonCoach mark has been in continuous use for chauffeured transportation services for 32 years.

9. The BostonCoach trademark registration is incontestable, having at least five years of continuous use in commerce. The sworn statements necessary to establish incontestability were filed in the trademark office in 2005.

10. Harrison is, on information and belief, one of the largest providers, by volume, of chauffeured transportation services in Boston and the United States. Every year, it successfully delivers thousands of passengers to their destinations. Its customers include financial institutions, hotels, professional athletes and teams, show business executives and entertainers, and numerous fortune 500 companies, as well as the general public.

11. Harrison has widely used the BostonCoach name in correspondence, publicity, and contracts, at trade shows and conferences, and on the internet. From 1985 to approximately 2013, FMR Corp. likewise widely used the mark in all aspects of operating and promoting its chauffeured transportation business.

12. Harrison has invested considerable time, money, and effort in promoting its BostonCoach mark and in building up the goodwill associated with that mark. Harrison maintains the website registration for [www.bostoncoach.com](www.bostoncoach.com) and prominently displays the Boston Coach mark on its website. By virtue of these efforts, Harrison has developed substantial recognition and goodwill in its mark.

13. Due to the high profile that the BostonCoach business has acquired in the Boston area after 32 years of operation, BCC inevitably had actual notice of the BostonCoach mark and of the chauffeured transportation services offered under that name.

14. BCC received notice of the BostonCoach trademark registration from FMR Corp.'s attorney by letter dated November 1, 2010.

### *BCC's Unlawful Conduct*

15. On information and belief, BCC was incorporated in 2005 in the Commonwealth of Massachusetts and offered chauffeured transportation services under the name Boston Corporate Coach from 2008 until it recently began using the name "Boston Coach."

16. Specifically, in 2016, Harrison became aware that BCC had engaged in conduct calculated to heighten public confusion between its business and Harrison's:

   a. BCC referred to itself on its website, in press releases, and on its LinkedIn and Facebook pages, as Boston Coach Corp, rather than Boston Corporate Coach, and used the TM symbol on its website following the name Boston Coach Corp;

4

    b. On its website, it displayed "Boston Coach" in bold black letters and "Corp" in barely visible gray type;

    c. In the FAQ section of its website, BCC referred to itself as "Boston Coach";

    d. Introduced a mobile app in which the only visible portion of its name was "Boston Coach";

    e. It paid search engines for pop-up advertisements to appear before anyone who entered word combinations that included "Boston" and "Coach" on Google, Yahoo or Bing, in which the ads referred simply to "Boston Coach" and led anyone who clicked on them to BCC's website; and

    f. Introduced paid ads on Google, Yahoo and Bing in which the first line says "Boston Coach" in large type, with "Boston Corporate Coach" appearing much less prominently beneath.

    17. Exchanges of correspondence between the parties gradually led BCC to discontinue the acts described in subparagraphs (a) – (e) above, but, despite Harrison's demand that it cease, BCC continues to the present day to post online ads in which it refers to itself prominently as Boston Coach.

    18. BCC is thereby willfully and purposefully using Harrison's business name and registered mark for its own competing services to create a false impression that BCC and its services are affiliated or related to Harrison and Harrison's services, or that BCC is a successor or incarnation of Harrison's business. Indeed, the use of both "Boston Coach" and "Boston Corporate Coach" in BCC's online ads create a false impression that the two competitors are interchangeable.

19. BCC's unauthorized use of Harrison's identical mark in connection with the same services offered by Harrison has caused and will continue to cause consumer confusion and harm to Harrison's reputation in the marketplace.

20. BCC's unauthorized use of the Harrison's mark is deceptive to consumers and has caused and will continue to cause confusion as to the source of the services offered in connection with the BostonCoach mark.

21. BCC's unauthorized use of Harrison's mark injures Harrison by falsely associating BCC with Harrison and depriving Harrison of the rights in its mark, thereby harming Harrison's reputation and creating confusion among the public.

## FIRST CAUSE OF ACTION

*Federal Trademark Infringement in Violation of Section 32(1)and 43(a) of the Lanham Act*
**(15 U.S.C. §1114 and 1125(a))**

22. Harrison repeats each allegation contained in the preceding paragraphs.

23. BCC uses and has used the federally registered BostonCoach mark in connection with services, offers for services, and advertising, including advertising on the internet, related to chauffeured transportation services, without authorization from Harrison.

24. BCC's unauthorized use of Harrison's mark in connection with chauffeured transportation services constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, codified at 15 U.S.C. §1114 (1), and Section 43(a) of the Lanham Act, codified as 15 U.S.C. §1125(a)(1)(A).

25. BCC's unauthorized use of Harrison's mark is intended to cause, has caused, is causing, and is likely to continue to cause confusion, or to cause mistake or to deceive.

26. BCC's infringement of the BostonCoach mark has been willful, wanton, reckless, and in total disregard of Harrison's rights.

27. BCC's unauthorized use of the BostonCoach mark has caused and is likely to continue to cause substantial and irreparable injury to Harrison, which injury cannot be accurately computed at this time, and will continue to cause substantial injury unless BCC's use of the said mark is enjoined by this Court.

28. By reason of the foregoing, Harrison has been damaged and Harrison is entitled to injunctive relief and damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

*Federal Unfair Competition and False Designation of Origin in Violation of the Lanham Act* **(15 U.S.C. §1125(a))**

29. Harrison repeats each allegation contained in the preceding paragraphs.

30. BCC's unlawful acts constitute use in commerce.

31. BCC's unlawful acts are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of BCC with Harrison as to the origin, sponsorship, or approval of BCC's services.

32. BCC has engaged in unlawful acts that constitute unfair competition and false designation of origin in violation of § 43(a) of the Lanham Act, codified at 15 U.S.C. 1125(a).

33. BCC's acts are causing irreparable injury to Harrison, for which there is no adequate remedy at law, and will continue to do so unless BCC's use of the Boston Coach mark and company name is enjoined by this Court.

34. By reason of the foregoing, Harrison has suffered monetary damages and loss of goodwill.

7

35. BCC's conduct as described above has been willful, wanton, reckless, and in total disregard for Harrison's rights.

### THIRD CAUSE OF ACTION

*Unfair Competition and Trademark and Trade Name Infringement in Violation of Massachusetts Common Law*

36. Harrison repeats each allegation contained in the preceding paragraphs.

37. Harrison owns and enjoys common law rights in its BostonCoach mark and trade name, which are superior to any rights that BCC may claim to any similar mark or trade name.

38. BCC's unauthorized use of the BostonCoach mark in connection with chauffeured transportation services is, and has been, committed knowingly in order to capitalize on and misappropriate Harrison's valuable goodwill in its mark that it created through widespread usage of its mark over many years.

39. BCC's unauthorized use of the BostonCoach mark has caused and is likely to continue to cause confusion or mistake or to deceive consumers as to the source of origin of such services.

40. BCC's acts and conduct as set forth herein constitute trademark infringement in violation of Massachusetts common law.

41. BCC's acts and conduct as set forth herein constitute unfair competition, willful, unfair and deceptive acts or practices within the Commonwealth of Massachusetts and in violation of Massachusetts common law.

42. Both BCC and Harrison are engaged in trade and commerce in the Commonwealth of Massachusetts.

43. BCC's wrongful and infringing activities have intended to cause, have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Harrison's business, reputation, and goodwill.

44. BCC's conduct as described above has been willful, wanton, reckless, and in violation of the rights of Harrison.

45. As a result of BCC's acts alleged above, Harrison is entitled to damages in an amount to be proven at trial. By reason of the foregoing, Harrison has been damaged and is suffering, and will continue to suffer, irreparable harm, and is entitled to injunctive relief and damages.

## FOURTH CAUSE OF ACTION

*Unfair Competition and Deceptive Trade Practices in Violation of M.G.L. Ch. 93A § 2 and 11*

46. Harrison repeats each allegation contained in the preceding paragraphs.

47. Harrison and BCC are engaged in trade or commerce.

48. The acts complained of herein occurred primarily and substantially in the Commonwealth of Massachusetts.

49. BCC's unauthorized use of the BostonCoach mark is, and has been, committed knowingly in order to capitalize on and misappropriate Harrison's valuable goodwill in that mark that it created through long usage over many years. The acts alleged herein constitute unfair and deceptive practices or methods of competition within the meaning of M.G.L. Ch. 93A, § 2 and 11.

50. BCC's unfair and deceptive trade practices were knowing and willful.

51. As a result of BCC's actions as alleged herein, Harrison has suffered and is likely to suffer a loss of money.

52. As a result of BCC's violations of Chapter 93A, as alleged above, Harrison is entitled to damages in an amount to be proven at trial, which amount may be doubled or trebled, and an award of reasonable attorneys' fees and costs as provided by statute. By reason of the foregoing, Harrison has been damaged and is suffering, and will continue to suffer, irreparable harm, and is entitled to immediate injunctive relief and damages.

## PRAYER FOR RELIEF

WHEREFORE, Harrison respectfully asks this Court to enter judgment for it on all counts against BCC and to grant Harrison the following relief:

1. Preliminary and permanent injunctions preventing BCC and its officers, directors, employees, agents, affiliates, successors, assigns, and all those in privity or acting in concert with them, from using the trademark BostonCoach or any trade name that may be considered confusing similar to Harrison's trademark, in connection with chauffeured transportation services, or from any other uses that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of the BCC with Harrison, or as to the origin, sponsorship, or approval of BCC's services or commercial activities by Harrison;

2. Preliminary and permanent injunctions enjoining BCC from doing business under the name Boston Coach;

3. Order BCC to account and pay over to Harrison all gains and profits it derived from the use of the mark Boston Coach in violation of Harrison's trademark rights, pursuant to 15 U.S.C §1117, M. G. L. Ch. 93A , and other applicable law;

4. Order BCC to pay Harrison the damages which Harrison has sustained by reason of the conduct alleged herein;

5. Order BCC to pay damages totaling three times the compensatory damages for its willful and intentional misconduct as provided for in 15 U.S.C. §1117, M.G.L. Ch. 93A, and other applicable law;

6. Allow Harrison permission to elect, prior to final judgment, statutory damages as its recovery rather than actual damages and profits as provided in 15 U.S.C. §1117;

7. Order BCC to pay pre-judgment interest on Harrison's damages as provided in 15 U.S.C. §1117, M. G. L. Ch. 93A, and other applicable law;

8. Order BCC to pay the costs of this action as provided in 15 U.S.C. §1117, M. G. L. Ch. 93A, and other applicable law;

9. Order BCC to pay Harrison's attorneys' fees as provided by 15 U.S.C. §1117, M. G. L. Ch. 93A, and other applicable law; and

10. Grant such other and further relief as is just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Harrison demands a jury trial of any issues in this action so triable.

| | |
|---|---|
| Date:  December 18, 2017 | Respectfully submitted, |
| | HARRISON GLOBAL LLC |
| | By their attorneys, |
| | /s/ *Joel R. Leeman* |
| | Joel R. Leeman (BBO # 292070)<br>Brandon Scruggs (BBO # 672541)<br>SUNSTEIN KANN MURPHY & TIMBERS LLP<br>125 Summer Street<br>Boston, MA 02110-1618<br>(617)  443-9292<br>jleeman@sunsteinlaw.com |

4421/5002 2841689